Robert S. NIELSON and Ila Dean Nielson, Plaintiffs and Appellants,

v.

CENTRAL WATERWORKS COMPANY, a Utah corporation and The State of Utah, by and through its Department of Water Resources, Defendants and Respondents.

No. 17333.

Supreme Court of Utah.

March 16, 1982.

George A. Hunt, Bryce D. Panzer, Salt Lake City, for plaintiffs and appellants.

Tex R. Olsen, Richfield, for Central Waterworks Co.

David L. Wilkinson, Atty. Gen., Michael M. Quealy, Salt Lake City, for defendants and respondents.

HOWE, Justice:

This is an appeal from a summary judgment dismissing the plaintiffs' complaint against the defendants Central Waterworks Company and the State of Utah, by and through its Department of Water Resources.

The plaintiffs Robert S. Nielson and Ila Dean Nielson are the owners of approximately 7 acres of land situated in the unincorporated town of Central, Utah. Central Waterworks is a Utah non-profit corporation engaged in the business of supplying water to its shareholders in and around Central. In 1952 and again in 1973, Central entered into agreements with the State of Utah through its Department of Water Re-

sources, or predecessor agency, to construct a culinary water system. Under those agreements, the State financed all or most of the improvements and took title to all the physical assets, including water rights and easements of Central Waterworks. See § 73–10–7, U.C.A.1953. The latter was allowed to retain beneficial use of the system under an interest-free repurchase agreement. The State does not take any part in or interfere in the management of the corporation which is governed by its board of directors and officers.

The plaintiffs alleged in their complaint that in September 1975 they decided to subdivide their parcel of land into 18 homesites and they applied to Central Waterworks for that number of water connections; that Central Waterworks denied their application claiming that its water supply was insufficient to service 18 additional connections; that plaintiffs' investigation revealed that the water supply was more than adequate; that a renewed application for the connections was made but also denied by Central Waterworks based on an alleged rule of the corporation that only one water connection would be provided for each acre of property. Plaintiffs further alleged that while Central Waterworks purported to operate under the "one connection—one acre rule" it had in fact granted connections to applicants for five parcels of land, each parcel being less than one acre; that plaintiffs made a third application for water connections but their application was again denied.

Plaintiffs concluded their complaint by alleging that the denial of their applications by Central Waterworks was an unlawful, arbitrary and capricious administration of state owned property, and was violative of provisions of the Constitutions of the United States and the State of Utah, and that the actions of the State of Utah in delegating authority to the Central Waterworks Company for the arbitrary, capricious and unlawful administration of a state owned asset was violative of Utah constitutional provisions and constituted an unlawful delegation of executive authority by the State. Plaintiffs prayed for damages in the sum of $15,000 and for an order requiring Central Waterworks to grant to plaintiffs the rights for 18 water connections upon payment of the price charged by Central Waterworks to others for water connections as of September 1975.

Plaintiffs' main contention is that the summary judgment granted the defendants was improper because Central Waterworks' denial of connections to the plaintiffs constituted "state action." Plaintiffs point to the state ownership of the physical assets of Central Waterworks until the loan from the State is repaid.

It is not necessary for us to here decide whether there was any "state action." The summary judgment was properly granted because of other reasons. Central Waterworks is a mutual water company. It was organized for the sole purpose of owning culinary water rights and installing and operating a culinary water system for the benefit of its stockholders. Its Articles of Incorporation limit the sale of shares of its capital stock to not more than 250 shares.

In their complaint, the plaintiffs did not allege that they were the owners of any stock in Central Waterworks. They did allege that the company had water available to serve them and that it had in fact granted connections to applicants for five parcels of land, each of which contained less than one acre. However, plaintiffs did not allege that those successful applicants did not own a share of stock for each connection granted them. It is not claimed by the plaintiffs that Central Waterworks is a public utility which offers water service to the public at large. It is undisputed that it is a private corporation organized only to serve its stockholders and that it does in fact so limit its service.

Even if we assume that the plaintiffs owned no shares in Central Waterworks but that they were willing to purchase a share for each of the 18 connections they sought, there is no allegation in the complaint that any of the 250 shares which were authorized for issuance had not been sold and could be sold by the corporation to the public. It

**50**

is elementary that a corporation cannot sell shares in excess of those authorized by its Articles of Incorporation. Section 16–6–46(5), U.C.A.1953. Neither did plaintiffs allege that Central Waterworks had sold shares to others but refused to sell shares to them.

The judgment below is affirmed. Costs to respondents.

STEWART, and OAKS, JJ., and BULLOCK, District Judge, concur.

HALL, Chief Justice (concurring in the result):

I do not join the main opinion outright because it affirms the judgment of the trial court by addressing an issue not raised at trial nor on this appeal.

The only issue before us is whether Central Waterworks' denial of water connections to the appellants is "State action" within the purview and protection of the Constitution. I readily conclude that it is not, and would therefore affirm the judgment on that ground.